UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT D. MABE, INC., d/b/a Ashville Apothecary and Circleville Apothecary, et al., | : : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:17-1102 |
| v. | : | (JUDGE MANNION) |
| OPTUM RX, Successor by Merger to Catamaran Corp., | : : | |
| Defendant | : : | |

## MEMORANDUM

Pending before the court is the non-arbitrable plaintiffs'[1] motion for reconsideration of the court's order denying their motion to compel discovery. (Doc. 207). Upon review, the motion will be **DENIED**.

The court previously considered two areas in which the plaintiffs were seeking discovery: (1) how much defendant pays mail order and large chain pharmacies for the same prescriptions filled for the same health plans as

---

[1] The non-arbitrable plaintiffs are (1) Redner's Market, Inc., d/b/a Redner's Pharmacy #21, 22, 23, and Redner's Pharmacy; (2) Rx Shops, Inc., d/b/a Hometown Pharmacy; (3) Kuler Drugs, LLC, d/b/a Med Depot Pharmacy; (4) S & R Drug, Co., (S-Corp) d/b/a S&R Drug Co.; (5) Pine Street Pharmacy d/b/a Stacy's Family Pharmacy; and (6) Wells Pharmacy (Sole Prop.), d/b/a Wells Pharmacy.

plaintiffs and (2) information showing how much defendant is paid by health plans for the prescriptions filled by plaintiffs, as well as defendant's contracts with the plan sponsors governing such payments. While the court found the information relevant, it also found that the discovery requests contain data beyond the scope of what is at issue in this case, and further, that access to the information would potentially allow plaintiffs to access defendant's business strategy, marketing goals, profit margins, pricing goals, etc. and utilize that information beyond the scope of this litigation. The court further found that the protective order previously issued in this case was insufficient to protect against the competitive advantage plaintiffs would have if the court were to allow the requested discovery. The court, therefore, issued an order that denied plaintiffs' request. The plaintiffs now seek reconsideration of that order.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one

of the following grounds: (1) an intervening change in the controlling law[2]; (2) the availability of new evidence that was not available when the court granted the motion [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (internal quotation marks omitted); *see also Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F.Supp.3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia*, 73 F.Supp.3d at 491 (quoting *Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), *aff'd*, 241 Fed.App'x 3 (3d Cir. 2007)).

    The moving plaintiffs seek reconsideration of the court's order denying their motion to compel discovery of the MAC prices which defendant paid to large pharmacy chains and its own mail order pharmacy, as well as amounts

---

[2] Plaintiffs' motion is admittedly not based upon any intervening change in the controlling law.

defendant itself is paid by its health plan customers for the prescriptions filled by plaintiffs, on several bases. Initially, plaintiffs argue that new evidence is available showing that defendant waived its confidentiality claims as to the amounts it pays CVS and its own mail order pharmacy. To this extent, plaintiffs argue that defendant voluntarily produced its contract with CVS, thereby disclosing the amounts it agreed to pay CVS for generic drugs, even though defendant argued disclosing this information to plaintiffs would give plaintiffs a competitive advantage and be irreparably harmful. Upon review, the contracts referred to by plaintiffs were in plaintiffs' possession well before the court's ruling on their motion to compel and could have previously been relied upon in the briefing of the motion to compel. (Doc. 29, Ex. OO). They are not therefore newly discovered evidence, and plaintiffs' motion will be denied on this basis.

Plaintiffs also argue there is new evidence warranting reconsideration in that just prior to the court's order defendant took testimony from its own witness about the subject matter of the information they seek. Because the defendant elicited this information, plaintiffs argue that the defendant should be made to disclose the information they seek in their motion to compel. The

testimony in question is that of James Watson taken on July 27, 2020. In reviewing the testimony referred to by plaintiffs regarding the defendant's payments to CVS, there is no indication that Mr. Watson testified as to anything other than the terms contained in the contracts which were already in plaintiffs' possession. The court finds that the testimony elicited from Mr. Watson in this regard does not warrant reconsideration.

With respect to testimony from Mr. Watson regarding amounts the defendant paid to its mail order pharmacy, Mr. Watson testified that, by law, defendant cannot reimburse its own mail order pharmacy more than it reimburses retail pharmacies. Other than this general statement, Mr. Watson did not disclose how defendant determined the individual reimbursement amounts. The court finds this argument for reconsideration also to be without merit.

Plaintiffs argue that the defendant has waived claims of confidentiality by way of eliciting Mr. Watson's testimony. The court has found the specific reimbursement defendant pays to large chain pharmacies and its own mail order pharmacy to be confidential and proprietary. There is no evidence that the defendant disclosed this specific information plaintiffs seek through Mr.

Watson's testimony regarding the terms of the contract that plaintiffs were in possession of or his understanding of the legal requirements for reimbursements paid to its mail order pharmacy. Mr. Watson gave no testimony about how defendant specifically calculates reimbursements or how it develops formulas or determines individual pricing. Mr. Watson's general statements did not result in a waiver of the specific confidential and proprietary information. The plaintiffs' motion will be denied on this basis.

Next, plaintiffs argue that the court erred in failing to consider declarations from three plaintiffs stating that they have gone out of business. Plaintiffs argue that these three pharmacies cannot possibly obtain any competitive advantage from the information sought. Initially, while not every individual exhibit was cited to, the court considered the plaintiffs' arguments and all supporting materials in ruling on the motion to compel. Moreover, there are hundreds of plaintiffs in this action. The fact that three plaintiffs have gone out of business does not alleviate the advantage that disclosure would provide to the remaining plaintiffs. The court will deny plaintiffs' motion on this basis as well.

Next, plaintiffs argue that the court committed an error of law when it failed to consider the requirement that the necessity of the information sought must be balanced against the confidentiality interests before deciding that the information should not be disclosed. Plaintiffs acknowledge they have the burden to prove that the information they seek is both relevant and necessary. While plaintiffs argued in a conclusory manner that the information they seek is necessary to prove some of their claims, they did not substantively argue the matter. Therefore, the court finds no error of law in not addressing the element of necessity.

Finally, plaintiffs argue that the court committed an error of law by denying discovery information simply because it might be helpful to other litigants. Here, plaintiffs disagree with the court's reliance on *Micro Motion, Inc. v. Kane Steel Co., Inc.* 894 F.2d 1318 (Fed. Cir. 1990), in finding that the protective order in this case is insufficient to protect against unnecessary disclosure of confidential information to plaintiffs who are in competition with defendant. The fact that the plaintiffs disagree with the court's ruling does not provide a proper basis for reconsideration. The plaintiff's motion will also be denied on this basis.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 28, 2021**
17-1102-02