

Jacobs Law Group, PC
Four Tower Bridge
200 Barr Harbor Dr Suite 400
West Conshohocken, PA 19428
215-569-9701
215-569-9788
www.jacobslawpc.com

**Neal A. Jacobs** *†
Managing Attorney
Principal

**Samuel M. First** *
Labor and Employment
Department Chair

Zachary Cherry*
Matthew A. Cole ●*†
Mark R. Cuker ●*†
Richard E. Miller *□
Mark Rosen ●*∇

*   ALSO ADMITTED IN NJ
†   ALSO ADMITTED IN NY
□   ALSO ADMITTED IN FL
∇   ALSO ADMITTED IN DC & CA
●   OF COUNSEL

January 3, 2024

Hon. Julia K. Munley
United States District Judge
 for the Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

    Re:   *Lakeview Pharmacy of Racine Wisconsin v. Catamaran Corp.*
           No. 3:15-cv-00290;
           *Robert D. Mabe, Inc. v. OptumRx*
           No. 3:17-cv-01102

Dear Judge Munley:

    We represent the plaintiffs in the above captioned cases, which were assigned to Your Honor from Judge Mannion's calendar on November 7, 2023, and write to request a status conference at the Court's earliest convenience. We recognize that Your Honor is challenged with an enormous backlog of matters due to the longstanding shortage of judges in this district. Nonetheless, we respectfully suggest that these cases are worthy of the Court's attention, both because of the number of years they have been pending and the number of people they affect.

**JACOBS LAW GROUP, PC**

Hon. Julia K. Munley
January 3, 2024
Page 2

_____

Both cases are lawsuits by independent pharmacies against a large pharmacy benefit manager ("PBM") OptumRx, corporate successor to Catamaran Corp. The Lakeview case was filed on Feb. 9, 2015. All discovery has been completed and no dispositive motions were ever filed.

The *Mabe* case was filed on June 22, 2017 with Plaintiffs representing over 430 separate pharmacy locations. The case was quickly divided between eight plaintiffs that Optum admitted were not subject to any arbitration clause (non-arbitrable plaintiffs), and the remaining plaintiffs that were subject to proceedings brought by Optum to compel arbitration.

Discovery for the non-arbitrable *Mabe* plaintiffs was completed and cross motions for summary judgment were fully briefed by October 29, 2021. (*See* most docket entries from #257 through 290).

On May 28, 2021, Judge Mannion denied Optum's motion to compel the remaining pharmacies to arbitrate (Dkt. #237). Optum appealed, and on August 4, 2022, the Third Circuit vacated the order in part and remanded for further proceedings. (Dkt. #308). Those further proceedings resulted in discovery and cross-motions for summary judgment on arbitrability issues, which were fully briefed as of July 5, 2023 (*See* most docket entries #335-381).

The last substantive docket entries in *Lakeview* were the filing of plaintiff's and defendant's competing proposed scheduling orders, Docket #104, on June 21, 2021, and some follow up letters, all of which disputed whether the *Lakeview* case should be scheduled for trial before or after the *Mabe* appeal has been decided. Those disputes have been moot for over a year.

But the age of these cases is not the only reason they are worthy of the Court's attention. One of the key allegations in this case is that the Defendant's practices "are causing many independent pharmacies to lose money and go out of business, leaving their customers without choice. *Mabe* Dkt. #9, ¶438. Optum's own filing shows that, in fact, over 100 Plaintiff locations have closed since the inception of this lawsuit. Dkt. #337-3, pp. 380-516. The longer these cases go on, the greater the

**JACOBS LAW GROUP, PC**

Hon. Julia K. Munley
January 3, 2024
Page 3

_____

prejudice to plaintiffs, not only in terms of continuing harm but their very ability to survive.

We request a status conference to discuss, *inter alia*, the following issues:

    (1) Whether the *Lakeview* Case, which involves two pharmacies, should be listed for trial at an early available date, or whether we should await a determination of the non-arbitrable pharmacy summary judgment motions in *Mabe*, so that, if the *Mabe* non arbitrable cases survive summary judgment, they can be consolidated into a single trial with *Lakeview*;

    (2) Whether the trial(s) can and should be structured in such a manner that they can serve as bellwethers for the claims of the other plaintiffs in *Mabe*; and

    (3) Whether, at long last, this matter can be resolved by settlement.

We look forward to meeting with Your Honor to discuss these important issues.

                                      Respectfully,

                                      */s/ Mark R. Cuker*
                                      Mark R. Cuker

cc: All counsel of record (via PACER)