UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. MABE, INC., et al., | |
| Plaintiffs | CIVIL ACTION NO. 3:17-CV-01102 |
| v. | (MEHALCHICK, J.) |
| OPTUMRX, | |
| Defendant | |

## ORDER

**AND NOW,** this 18th day of April 2024, in consideration of Plaintiffs' Letter to the Court dated April 17, 2024, the Court hereby reschedules oral argument previously set for Thursday, April 25, 2024 at 10:00 AM, to **Tuesday, May 28, 2024 at 10:00 AM**. The parties should be prepared to address both OptumRx's motion for summary judgment and to compel arbitration (Doc. 336) and Plaintiffs' motion for summary judgment (Doc. 335). Given the confusion caused by the docket annotation by the previously assigned judge and the complexity of the arbitration issues in this case, the Court finds it to be in the interest of justice to postpone oral argument to ensure the parties have sufficient time to prepare.

The Court also hereby re-designates Doc. 335 as a pending motion before the Court. On November 8, 2023, the previously assigned judge terminated the motion docketed to Doc. 335. Without further explanation, or any indication on the docket that the motion would still be considered, the judge simply noted that the motion was terminated, as it "was docketed as Motion but is a Statement of Facts." Indeed, Attorney Cuker incorrectly filed his motion for summary judgment as a statement of facts, in violation of the Local Rules. *See* M.D. Pa. L.R. 7.1, 7.4, 56.1; (Doc. 335). Nearly three months later, without any other action by the Court, this matter was reassigned to the undersigned judge.

Per Attorney Cuker's most recent filing (Doc. 396), after the previous judge made the docket annotation terminating the motion, he reached out to that judge's chambers and asked whether the motion needed to be refiled to have it considered on the merits. He writes in his most recent filing that he "was told that no action was needed, that this termination was purely "administrative" and a clarifying order would be issued." He also writes that the "November 8 order obviously did not dispose of the Statement of Facts Regarding Optum's Motion to Compel Arbitration or Plaintiffs summary judgment papers on their merits." (Doc. 396). There is nothing "obvious" about this. <u>There was never any clarifying order issued, nor was there ever anything put on the docket to indicate that this motion would be considered. Nor is there any indication that when Attorney Cuker reached out to previously assigned chambers regarding this motion he notified or advised opposing counsel that he was doing so.</u>

Because it is in the interest of the parties to resolve both the issues raised by Plaintiff in his mis-filed motion for summary judgment and in Defendant's motions, the Court will reschedule this argument for the later date. Counsel is reminded that all filings with this Court must be submitted in accordance with the Local Rules. *See* https://www.pamd.uscourts.gov/court-info/local-rules-and-orders. Further, because of the confusion caused by counsel's calls to chambers, counsel directed to place all inquiries about this case on the docket. Counsel should also familiarize themselves with both the Local Rules and the Court's preferences, which can be found on the Court's website.

**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**