| | |
|---|---|
| ROBERT D. MABE, INC., d/b/a Ashville Apothecary and Circleville Apothecary, et al. ) ) ) Plaintiff, ) ) vs. ) ) OPTUM RX, ) ) Defendant. ) | Case No.: 3-17-cv-01102<br><br>Judge M e h a l c h i c k |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO OPTUMRX'S MOTION TO COMPEL ARBITRATION**

_____

Pursuant to Local Rule 7.36, Plaintiffs submit the attached decision by the Federal District Court in the Eastern District of Arkansas in *OptumRx v. Lackie Drug Store, Inc.*, No. 4:20CV1515, as supplemental authority in Opposition to OptumRx's Motion to Compel Arbitration. The court in that case denied Optum's motion to compel Lackie Drug to arbitrate, because Optum's agreement with Lackie's PSAO, Elevate, did not require arbitration.[1] This decision was issued on January 30, 2024, but Plaintiffs' counsel just learned of it last week.

In the case at bar, at least 100 Plaintiff Pharmacies are, like Lackie Drug, subject to Optum's agreement with Elevate, Dkt. #337-3. These Plaintiffs have already argued that the Elevate-Optum agreement has no arbitration clause. Dkt. #368, ¶¶ 71-73, Dkt. 368-1, p.8 n.3.

---

[1] Optum's counsel in *Mabe* is also involved in *Lackie Drug*.

Plaintiffs cite *Lackie Drug* as additional authority supporting their argument that Optum's agreement with Elevate did not contain a mandatory arbitration clause.

                                              **CUKER LAW FIRM, LLC.**

| | |
|---|---|
| May 27, 2024 | **By:** */s/ Mark R. Cuker* |
| **Date** | **MARK R. CUKER, Esquire** |
| | *Attorney for Plaintiff* |
| | 500 Office Center Drive |
| | Fort Washington, PA  19034 |
| | 215-559-6951 |
| | mark@cukerlaw.com |

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT D. MABE, INC., d/b/a Ashville Apothecary and Circleville Apothecary, et al. ) | |
| Plaintiff, ) | Case No. 3:17-cv-01102 |
| vs. ) | Judge Mehalchick |
| OPTUM RX, ) | |
| Defendant. ) | |

## CERTIFICATE OF CERVICE

The undersigned hereby certifies that on May 27, 2024, a true and correct copy of the foregoing document has been filed and served electronically using the Court's ECF/CM system and is available for viewing and downloading.

                                      CUKER LAW FIRM, LLC

Dated: May 27 2024          By:    */s/ Mark R. Cuker*
                                                    Mark R. Cuker, Esquire
                                                    *Counsel for Plaintiff*
                                                    500 Office Center Drive
                                                    Suite 400
                                                    Fort Washington, PA  19034

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LACKIE DRUG STORE, INC.,**                                                             **PLAINTIFF**

V.                                           **4:20CV1515 JM**

**OPTUMRX, INC.**                                                                        **DEFENDANT**

## ORDER

Pending is Optum's motion to compel arbitration which has been converted by the Court to a motion for summary judgment pursuant to Rule 12(d).

From the beginning of this case there has been a disagreement between the parties regarding whether Plaintiff had a contract with Optum. Optum contended that AmerisourceBergen Drug Corporation ("ABDC"), a Pharmacy Services Administrative Organization ("PSAO"), entered into the Pharmacy Network Agreement ("Optum Network Agreement") as the authorized contracting agent for Lackie. Optum provided a redacted copy of the Agreement signed by Cassie Tichey, SVP of Network Relations for OptumRx on December 9, 2014, and Peter J. Kounelis, Sr. Director of Provider Network Business Development for ABDC on September 22, 2014.

Lackie argued that Optum had "no supporting proof to show a contract existed between the parties here." (ECF No. 105 at p. 2). The Court agreed finding that there was insufficient evidence of a contract between ABDC and Lackie which was necessary to bind Lackie to the Optum Network Agreement. The Court noted "Lackie's alleged failure to abide by the terms of a negotiated contract may be determinative of its claims against Optum. However, the agreement between Lackie and ABDC is not in the record and there is no evidence to support Optum's

argument that Lackie knew or should have known about the dispute resolution requirements." (Order, ECF No. 106 at p. 6-7).

After further discovery on the issue, Lackie admits that it contracted with ABDC Elevate to be a member of ABDC Elevate network. (Achor Dec., ECF No. 174-4 at ¶ 15). Lackie further acknowledges that it is bound by the Optum Agreement and that the Agreement filed by Optum as an exhibit to its initial motion to dismiss (ECF No. 39-1) is the relevant Optum Network Agreement. (Achor Dec., 174-4 at ¶ 11; Exh. I to Arita Dec., ECF No. 170).

Paragraph 11.1 of the Optum Network Agreement states:

> The Pharmacy Manual and all such addenda, exhibits and schedules, as the same may be amended from time to time in accordance with the terms of [the] Agreement, are incorporated herein by reference and made a part hereof; provided, however, if there is any conflict between the terms of this Agreement and the Pharmacy Manual, the terms of this Agreement shall control except to the extent otherwise required by law.

(ECF No. 39-1). Therefore, in addition to the Optum Network Agreement, Lackie is bound by the Pharmacy Manual. Optum argues that this is problematic for Lackie because of Section IX, Subsection M of the Pharmacy Manual titled Alternative Dispute Resolution and Arbitration.[1] (Arita Dec., ECF No. 170 Exh. C at p. 119).

Subsection M outlines the steps to be taken if a dispute between Optum and the pharmacy arise. As required in the Optum Network Agreement, the party asserting the dispute must provide written notice of the dispute to the other party. If the dispute is not resolved in 30 days, then either party may request a meeting or telephone conference. If the meeting or telephone conference is unsuccessful in resolving the dispute, either party may commence arbitration. The Manual goes on to say:

---

[1] The Court cites to the 2020 Pharmacy Provider Manual, 4th Edition, because it was the operative Pharmacy Manual when Lackie filed suit against Optum on December 30, 2020. The Pharmacy Manual has since been updated several times. The current version, 2023 Pharmacy Manual 2.1, contains the relevant subsection, Alternative Dispute Resolution, and it remains the same.

> Notwithstanding judicial proceedings to confirm, vacate, or enforce an award, the parties acknowledge that neither will have the right to litigate a Dispute in court, and that neither will have a right to trial by a judge or jury, and the right to discovery is limited. **The parties each waive all such rights by agreeing that all disputes must be resolved exclusively in arbitration.**

*Id.* at p. 120 (emphasis in original).

Lackie argues that there is a conflict between the dispute resolution process stated in the Pharmacy Manual and the Optum Network Agreement, and that according to the Optum Network Agreement, the Agreement's provisions control. The Court agrees.

The Court finds that Lackie is bound by the Optum Network Agreement. After further review of the Agreement and the Pharmacy Manual, the Court finds that the dispute resolution provision in the Agreement controls. The Optum Network Agreement does not contain a mandatory arbitration provision. Therefore, the Court finds that there is no agreement between the parties to arbitrate. The motion for summary judgment on the issue of arbitration is denied.

Optum's motion to compel arbitration which has been converted by the Court to a motion for summary judgment pursuant to Rule 12(d) (ECF No. 125) is DENIED.

IT IS SO ORDERED this 30th day of January, 2024.

_____
James M. Moody Jr.
United States District Judge